UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARLENA H. KOTTMYER, et al., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 1:05-CV-249 |
| | : | |
| AIMEE MAAS, et al., | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court upon Defendants' motions to dismiss (Docs. 2, 4) all claims asserted against them in the complaint. (Doc. 1). Plaintiffs have filed memoranda in opposition to Defendants' motions to dismiss (Docs. 7, 8), to which Defendants Aimee Maas and Cincinnati Children's Hospital Medical Center have replied. (Doc 10).

**Facts and Procedural History/The Parties' Claims**

Plaintiffs are Marlena B. Kottmyer and Robert D. Kottmyer, husband and wife and parents of a deceased child. Defendants are Cincinnati Children's Hospital Medical Center ["Children's Hospital"] and one of its employees, Aimee Maas, as well as Hamilton County, Ohio and one of its employees, Debbie Ayer. Both individual Defendants are social workers for their respective employers.

Plaintiffs' complaint states that on May 15, 2001, Mrs. Kottmyer gave birth to Plaintiffs' daughter, Arianna, whose serious brain damage led to her transfer to Children's Hospital on May 17, 2001. Arianna's condition forebode a short life expectancy. Plaintiffs allege that Defendant

1

Mass, a social worker at Children's Hospital, concluded from a single comment made by Mrs. Kottmyer regarding Arianna's feeding that Mrs. Kottmyer posed a threat to Arianna. Plaintiffs claim that Defendant Mass, therefore, reported Mrs. Kottmyer to Hamilton County's Department of Jobs and Family Services, initiating an investigation by Defendant Ayre, a social worker there. During that investigation, Plaintiffs allegedly were labeled as "high risk" for child abuse, and were subjected to ongoing harassment and interference with their relationship with their daughter. At a hearing on January 31, 2002, Plaintiffs were cleared of any suspicion of abuse. Arianna died of natural causes on March 25, 2002.

Plaintiffs bring suit under 42 U.S.C. § 1983 on the grounds that Defendants, acting under color of state law, violated Plaintiffs' Constitutional rights, including their rights to privacy, substantive and procedural due process, equal protection, and "family matters." (*See* Doc. 1, ¶ 31). Plaintiffs also state claims for negligence and breaches of confidentiality and privacy. (*See* Doc. 1, ¶ 35).

Children's Hospital and Hamilton County Defendants have filed separate motions to dismiss Plaintiffs' complaint in its entirety. (*See* Docs. 2, 4). Defendants Children's Hospital and Mass argue that Plaintiffs' complaint is barred by the principles of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion), in that Plaintiffs' previously filed a civil rights action in this Court on the same basis, which was dismissed by Judge Dlott (S*ee* Doc. 2, Exh. B and Doc. 1, ¶¶ 62, 63). Additionally, Children's Hospital Defendants urge that because Plaintiffs' appeal from Judge Dlott's earlier decision remains pending before the United States Court of Appeals for the Sixth Circuit, Plaintiffs' current complaint also violates Fed. R. Civ. P. 1.

Defendants Hamilton County and Ayer move for dismissal for reasons identical to those asserted by the Children's Hospital Defendants, and for the additional reason that Plaintiffs' claim allegedly is barred by the applicable statute of limitations. (*See* Doc. 4). Defendants assert that the action was filed more than two years after the date of the accrual of Plaintiffs' alleged § 1983 claims.

In opposing Defendants' motions to dismiss, Plaintiffs concede that the current action essentially duplicates the earlier case currently on appeal to the Sixth Circuit. (Docs. 7, 8). Plaintiffs urge that filing the second action was necessary to preserve their action as timely under Ohio's one year Savings Statute, however, given that a judgment of dismissal had been entered but the Sixth Circuit had not resolved the appeal. Accordingly, Plaintiffs suggest that the matter should be "stayed until the decision [of] the Sixth Circuit is rendered." (Docs. 7, 8, p. 4).

In reply, Children's Hospital Defendants assert that the Ohio Savings Statute is inapplicable to Plaintiffs' earlier action, as Judge Dlott dismissed the 2003 complaint on its merits and determined that any attempted amendment would be futile. They also urge that the Sixth Circuit's resolution of the pending appeal should be dispositive of whether any viable action remains, and that a dismissal with prejudice is warranted. (Doc. 10).

## OPINION

### Claim and Issue Preclusion

Defendants allege and Plaintiffs admit that this civil action is duplicative of a case previously filed by the Plaintiffs in this Court in 2003. (*See* Doc. 2). Both cases raise the issue of whether Defendants violated Plaintiffs' constitutional rights by filing a report of future child

3

abuse or neglect and subsequently investigating and monitoring the situation. In the 2003 litigation, Judge Dlott dismissed the complaint for failure to state a claim upon which relief can be granted under § 1983. In light of the fact that Plaintiffs' child was never removed from their custody, the Court found that Defendants' investigative and monitoring activity did not amount to a violation of Plaintiffs' constitutional rights.

Prior to dismissing the 2003 litigation, the Court denied Plaintiffs' motion to amend their complaint because the proposed amended complaint did nothing "to remedy the original complaint's failure to state a claim upon which relief can be granted." (*See* Judgment of 12/8/04 - Case No. 1:03-cv-0412). Plaintiffs subsequently appealed the District Court's Order Denying Plaintiffs' Motion to Amend Complaint and Order Granting Defendants' Motion to Dismiss. Because the appeal is still pending in the Sixth Circuit, Plaintiffs filed the current action "out of caution" within the Ohio Savings Statute in the event the Sixth Circuit affirms Judge Dlott's decision but finds that Plaintiffs' could have amended their complaint before the statute of limitations expired. In the current action, Defendants allege that Plaintiffs' complaint is barred by the doctrines of claim and issue preclusion.

Pursuant to the doctrine of claim preclusion, if a second action is based upon the same cause as the previous action, a judgment on the merits in the first case is an absolute bar to a subsequent action between the same parties as to every matter which was actually litigated or could have been litigated. *White v. Colgan Electric Co., Inc.* 781 F.2d 1214, 1216 (6th Cir. 1986) (citing *Baltimore S.S. Co. V. Phillips*, 274 U.S. 316 (1927)). Claim preclusion has four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was

4

litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)(internal quotation marks and citations omitted).

The doctrine of issue preclusion holds that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Hammer v. Immigration and Naturalization Service*, 195 F.3d 836, 840 (6th Cir. 1999)(citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The doctrine reflects the longstanding policy that one full opportunity to litigate an issue is sufficient." *Id.* (citing *Hickman v. Commissioner*, 183 F.3d 535, 537 (6th Cir. 1999)). The availability of issue preclusion is a mixed question of law and fact. *Hammer*, 195 F.3d at 840.

The doctrine of issue preclusion applies when "(1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue." *Id.* For the purposes of both issue and claim preclusion, a prior Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted operates as an adjudication on the merits. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981).

The doctrines of claim and issue preclusion both apply to bar Plaintiffs' claims in this lawsuit. Plaintiffs concede that this action is "duplicative" of the 2003 litigation. (*See* Doc. 7, p. 4). The two cases involve the same parties (Marlena and Robert Kottmyer, Children's Hospital,

5

Aimee Maas, Hamilton County, and Debbie Ayer), identical causes of action (alleged deprivation for constitutional rights brought under 42 U.S.C. § 1983), and the same issue that was already litigated and decided on the merits in the 2003 litigation (whether Defendants' investigation and monitoring procedures violated Plaintiffs' constitutional rights). Judge Dlott's Order Granting Defendants' Motion to Dismiss operates as an adjudication on the merits for the purposes of claim and issue preclusion. Yet, against the great weight of authority supporting the claim preclusion doctrine, Plaintiffs request that this Court rule on the same case a second time. This Court denies Plaintiffs' request because all the elements of the claim preclusion doctrine are met. Accordingly, Plaintiffs are estopped from relitigating the same claims.

The doctrine of issue preclusion likewise applies to bar Plaintiffs from relitigating the same issues. As previously set forth in the analysis that determined Plaintiffs' claims are barred by claim preclusion, this action involves the same issue and parties as the 2003 litigation. Additionally, Judge Dlott's finding that Plaintiffs failed to state a claim for deprivation of their constitutional rights upon which relief can be granted under § 1983 was necessary and essential to the judgment on the merits of the 2003 litigation. In fact, resolution of that issue was the sole basis for the dismissal of the 2003 litigation. The only element of issue preclusion not readily established is whether Plaintiffs had a full and fair opportunity to litigate the issue. Notwithstanding Judge Dlott's Order Denying Plaintiffs' Motion to Amend Complaint because Plaintiffs' proposed amended complaint "d[id] nothing to remedy the original complaint's failure to state a claim upon which relief can be granted," there is no evidence to suggest that Plaintiffs were denied a full and fair opportunity to litigate the issue. (Case No. C-1-03-412, Doc. 28, p. 3). Thus, Plaintiffs are estopped from relitigating the same issues that this Court previously

6

decided.

The motion therefore is GRANTED.

**Statute of Limitations - Ohio Savings Statute**

Even if Plaintiffs' claims were not barred by the preclusion doctrines, they are barred by the statute of limitations. In § 1983 actions, the relevant state statute of limitations applies to determine whether the claim is time-barred. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Ohio law provides that the statute of limitations for § 1983 claims is two years. Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). However, federal law determines the time for accrual of § 1983 claims. *Collyer*, 98 F.3d at 220 (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). Under Sixth Circuit jurisprudence, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id.* (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). Thus, Plaintiffs' claims must have accrued within two years of April 12, 2005, when the current action was filed.

In light of the fact that all the events in Plaintiffs' complaint occurred on or before March 12, 2002, Plaintiffs' complaint is time barred. At the very least, Plaintiffs had reason to know that Defendants' acts occurred on or before January 31, 2002, when Plaintiffs' attorney requested a hearing on Defendants' investigatory and monitoring procedures.

Plaintiffs argue that the current action is not time barred under the Ohio Savings Statute. Ohio Rev. Code § 2305.19(A)(West 2005). In limited circumstances, the Ohio Savings Statute extends the statute of limitations period. However, the Savings Statute is inapplicable unless there is a reversal of an earlier judgment or failure of plaintiff's claim "otherwise than upon the

merits." *Id.* Neither of these circumstances exists in this case. No earlier judgment has been reversed. Rather, Plaintiffs' appeal is still pending in the Sixth Circuit. Furthermore, in the 2003 litigation, Plaintiffs' claims were dismissed for failure to state a claim. It is well established that a Rule 12(b)(6) dismissal for failure to state a claim is a dismissal on the merits. *Wilkins v. Jakeway*, 183 F.3d 528, 533 n.6 (6th Cir. 1999). Because the Ohio Savings Statute is inapplicable, in addition to being barred by the doctrines of issue and claim preclusion, Plaintiffs' claims also are barred by the two year statute of limitations.

**Conclusion**

IT THEREFORE IS ORDERED that Defendants' motions to dismiss (Docs. 2, 4) hereby are GRANTED. Accordingly, Plaintiffs' complaint hereby is DISMISSED and this case is TERMINATED on the docket of this Court, at Plaintiffs' cost.

**IT IS SO ORDERED.**

    s/Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT